# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | |
|---|---|
| MARY DOE, by and through her mother and next friend, JANE DOE; BETH ROE, by and through her mother and next friend, ALICE ROE; DIANE POE, by and through her mother and next friend, CAROL POE,<br><br>     *Plaintiffs*,<br><br>v.<br><br>CABARRUS COUNTY BOARD OF EDUCATION; and DR. JOHN KOPICKI, in his official capacity as superintendent of Cabarrus County Schools,<br><br>     *Defendants*. | Civil Case No. 1:26-cv-00752 |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

Plaintiffs, by and through their undersigned counsel, respectfully move

this Court for leave to proceed under pseudonyms and for certain non-party

parents identified in the pleadings to be referred to by pseudonyms in this

action in order to protect their identities.[1] In support of this Motion, Plaintiffs state as follows:

## INTRODUCTION

This case challenges policies and practices of Cabarrus County Schools ("CCS") governing access to bathrooms, locker rooms, and other intimate facilities. Plaintiffs Mary Doe, Beth Roe, and Diane Poe are students in the CCS system whose identities, if publicly disclosed, would expose them and their families to a substantial risk of harassment, intimidation, and physical harm. That risk is not speculative. Indeed, earlier this year, a CCS student who publicly opposed the very policies challenged in this litigation was subjected to explicit threats of violence as a result. Requiring disclosure of the Plaintiffs' identities would not meaningfully advance the public's understanding of the legal issues before the Court but would instead expose them to serious and unnecessary harm.

Federal Rule of Civil Procedure 5.2(a) protects the identities of minor litigants by requiring that they be identified only by their initials in court filings. Plaintiffs seek leave to proceed under pseudonyms to provide additional protection against identification in light of the risk of retaliation and the

---

[1] To protect their privacy while this motion is pending, Plaintiffs filed their Complaint and this motion using the pseudonyms for which they seek leave to proceed in this action. If the Court denies this motion, Plaintiffs will evaluate whether to dismiss their claims.

sensitive nature of the subject matter at issue. Plaintiffs also seek leave for their next friends Jane Doe, Alice Roe, and Carol Poe to proceed under pseudonyms because identifying them by their legal names would effectively reveal the identities of the Plaintiffs, undermining the confidentiality that Rule 5.2 is designed to protect. Accordingly, Plaintiffs respectfully request leave for Plaintiffs and their parents to proceed under pseudonyms throughout this litigation. Plaintiffs believe an order granting leave to proceed by pseudonyms will protect Plaintiffs from exposure to serious risk of harm.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires that a complaint "name all the parties," but that rule is not absolute. The Fourth Circuit has long recognized that parties may proceed anonymously when the need for privacy or safety outweighs the presumption of openness in judicial proceedings. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233, 238, 242 (4th Cir. 1993). The district court has discretion to allow parties to proceed pseudonymously, but that discretion must be exercised in accordance with "sound legal principles" and a careful review of the circumstances of the case. *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (quotation marks omitted).

The Fourth Circuit applies a non-exhaustive, multi-factor balancing test when evaluating motions to proceed by pseudonym. *See Doe v. Pub. Citizen*,

3

749 F.3d 246, 273 (4th Cir. 2014). These factors include: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties"; (3) "the ages of the persons whose privacy interests are sought to be protected"; (4) "whether the action is against a governmental or private party"; and (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.

The district court should consider all the *James* factors, but no particular factor is dispositive, and the court should discern which factors should weigh most heavily in any given case. *Doe v. Doe*, 85 F.4th 206, 212 (4th Cir. 2023). If a party's privacy or confidentiality concerns are sufficiently critical, the district court should permit the party to proceed anonymously. *James*, 6 F.3d at 238.

# ARGUMENT

All five of the *James* factors weigh in favor of granting the Plaintiffs' motion to proceed under pseudonyms.

## I. This Case Involves Matters of a Sensitive and Highly Personal Nature

The first *James* factor favors pseudonymity because this action involves "a matter of sensitive and highly personal nature." 6 F.3d at 238. Courts routinely recognize that matters involving minors, bodily privacy, sexuality, and the use of intimate facilities constitute subjects that support pseudonymous litigation. *See, e.g.*, *Doe v. Pittsylvania Cnty*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) (allowing pseudonymity where litigation implicated highly personal beliefs and exposed plaintiffs to potential hostility); Order Granting Am. Mot. to Proceed Pseudonymously, *Doe v. Boyertown Area Sch. Dist.*, No. 17-1249-EGS, Dkt. 29 (E.D. Pa. May 24. 2017) (granting pseudonymity to protect the minor plaintiffs, their parents, and their family members from "embarrassment, harassment, and retaliation from peers and the public" in a case involving a "highly sensitive subject matter"); Stipulated Protective Order at 2-3, *Doe No. 1 v. Bethel Loc. Sch. Dist. Bd. of Educ.*, No. 3:22-cv-00337 (S.D. Ohio Dec. 21, 2022), Dkt. No. 11 (granting pseudonymity for minors and their parents in a case involving use of intimate facilities).

5

This case concerns the intensely private subject of minor students' use of school restrooms and locker rooms—spaces where students disrobe, attend to bodily functions, and shower—and the conditions under which members of the opposite sex may be present. Litigating this dispute necessarily requires Plaintiffs to disclose deeply personal information about their bodies, their experiences in these intimate spaces, and their views about the policies. Such disclosures implicate matters that are "sensitive and highly personal" within the meaning of the first factor. *Sidar*, 93 F.4th at 247. They bear no resemblance to the ordinary public scrutiny or "criticism" that accompanies most litigation. *Id.*

Plaintiffs are not seeking to proceed under pseudonyms to avoid the mere annoyance and criticism that might attend any litigation. Their primary concern is their well-being and safety. They seek to shield themselves from exposure of deeply private information about their personal views and feelings related to a sensitive and intimate subject matter. This is precisely the kind of sensitive and highly personal matter that warrants pseudonymity under the Fourth Circuit's framework.

## II. Identification Would Cause Harm to Plaintiffs' Entire Families

The second *James* factor also supports pseudonymity for the Does, Roes, and Poes. Cases involving challenges to school gender identity policies have

6

generated significant public attention and controversy. *See* Pet. for Certiorari at 32, 152a-55a, *Foote v. Ludlow School Committee*, No. 25-77 (U.S. July 18, 2025) (cataloguing dozens of active cases challenging such policies). The Plaintiffs reasonably fear that public identification would subject their families to "extensive harassment," threats, and retaliation from those "hostile to [their] viewpoint," including those who disagree with their religious beliefs or their decision to challenge Cabarrus County Schools policies. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). This Court has recognized that where a party faces a genuine "risk of retaliatory harm" arising from the subject matter of the litigation, pseudonymity is warranted. *J.O.P. v. U.S. Dep't of Homeland Sec.*, 779 F. Supp. 3d 570, 583-84 (D. Md. 2025) ("The threat of physical retaliatory harm … has prompted other courts considering analogous factual circumstances to permit pseudonymity.")

The risk of retaliation here is not speculative. Earlier this year, a student at Cox Mill High School publicly opposed the very bathroom and locker room policies challenged in this case during a school board meeting. A recording of the meeting was later posted online. In the days that followed, fellow CCS students and members of the community responded with explicit threats of physical violence against the student who opposed the policies. Posts on social media directed at the student stated: "Imma throw on a strap and really scare

you quit playing," "[Student's Name] … you MIGHT be getting jumped," and "lets jump [Student's Name]." Ex. A. Another post warned that "[Student's Name] is getting [expletive] jumped when [they] go[] to school tomorrow." *Id.* Students also scrawled threatening graffiti on the walls of the school bathrooms, directed at the student who spoke out, including the message: "[Student's Name] watch yo back." *Id.* These were not generalized expressions of disagreement or online insults. They were direct threats of physical assault—including threats that the student would be "jumped" at school and references to the use of a gun ("a strap")—made in response to her public opposition to the same policies Plaintiffs challenge here.

If Plaintiffs are required to litigate this case under their own names, they face the same foreseeable risk of harassment, threats, and retaliatory physical harm. The Fourth Circuit has emphasized that risk of harm to "innocent nonparties" such as family members, is a particularly critical consideration. *James*, 6 F.3d at 238. Plaintiffs' next friends are non-parties to this action, but their identities would inevitably be revealed if Plaintiffs' identities were disclosed. Likewise, Plaintiffs' identities would certainly be revealed if their parents are required to use their legal names.

Given the intense public controversy surrounding gender identity and related policies in schools, disclosure of the Plaintiffs' identities would place a

target on their parents. If their identity is revealed or deduced, they are likely to experience harm ranging from harassment and ostracism to physical violence. Thus, to protect Plaintiffs' privacy and safety, as well as the privacy and safety of their parents, the Court should grant Plaintiffs' motion.

### III. Proceeding Pseudonymously Would Protect the Minors Involved

The third *James* factor favors the Plaintiffs. Plaintiffs are minors currently enrolled in high school. The Fourth Circuit has recognized the particular importance of protecting the privacy of minors in litigation, stating that "anonymity [is] warranted to protect minor plaintiffs against risk of violence from revelation of unpopular personal beliefs." *James*, 6 F.3d at 238-39 (citing *Stegall*, 653 F.2d at 185-86). That is especially true here because Plaintiffs are at the center of this litigation. And Plaintiffs are concerned that failing to extend that protection to the names of their next friends "would tend to reveal the identity of the minor plaintiffs themselves." *G.D. v. Kannapolis City Schs. Bd. of Educ.*, No. 1:22-CV-1001, 2023 WL 2538927, at *4 (M.D.N.C. Mar. 16, 2023) (cleaned up). Other courts have found that when the identification of a minor child's parents "would likely identify, or lead to the identity of, the minor child," this factor weighs in favor of allowing the parents to proceed by pseudonym. *N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293, at *2 (D. Md. Apr. 29, 2024) (citations

omitted); *see J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016) ("As courts have recognized, a parent's identity, if disclosed, could jeopardize the child's confidentiality.").

## IV. This Action is Against a Government Entity

Plaintiffs are suing Cabarrus County Board of Education, a government entity, and Dr. John Kopicki, the Superintendent of CCS, in his official capacity only. Generally, Courts have observed that it is more appropriate to allow plaintiffs to proceed anonymously when they are "pursuing a claim against the government," because "although the mere filing of a lawsuit against a *private party* may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the *government* is not vulnerable to similar reputational harm[.]" *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) (emphasis added).

Plaintiff's complaint makes no allegations against any individuals in their personal capacities. Rather, Plaintiffs are challenging government policies, and the named defendants are a government entity and a government officer. This factor thus supports pseudonymity.

10

## V.    There is No Risk of Unfairness to Defendants

Permitting Plaintiffs to proceed under pseudonyms will not prejudice Defendants. Courts have consistently recognized that a defendant suffers no cognizable prejudice from a plaintiff's pseudonymous filing where, as here, the defendant is fully informed of the plaintiff's identity and the substance of the allegations. *See, e.g.*, *Doe v. Doe*, 85 F.4th 206, 216 (4th Cir. 2023).

The specificity of the allegations in Plaintiffs' complaint—including Plaintiffs' conversations with school personnel, and the timeline of relevant events—is sufficient for Defendants (but not the general public) to ascertain Plaintiffs' identity and adequately respond to their claims. *Cf. Keasley v. MTT Enterprises*, No. CIV.A.10-436, 2010 WL 2545285, at *2 (E.D. La. June 16, 2010) ("Plaintiffs' complaint contains sufficient information concerning the identity of putative plaintiffs to allow defendants to frame a response to plaintiffs' allegations."). In any event, while the Plaintiffs seek an order limiting *public* disclosure of their identities, as well as their parents, they are nevertheless willing to disclose their identities to Defendants, subject to a protective order. Thus, the Defendants will be fully capable of investigating the claims made in the Complaint and will not be prevented from presenting a full defense. The fifth *James* factor therefore weighs in favor of permitting the Plaintiffs to proceed pseudonymously.

11

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Proceed Under Pseudonyms and permit Plaintiffs and their parents to be identified throughout this litigation as "Mary Doe," "Jane Doe," "Beth Roe," "Alice Roe," "Diane Poe," and "Carol Poe."

Dated: July 31, 2026

Respectfully submitted,

Rachael Tucker Wyrick*
Julius I. Kairey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
Phone: (703) 243-9423
rachael@consovoymccarthy.com
julius@consovoymccarthy.com

*/s/ Laura Stell*
Laura Stell (NC Bar No. 59840)
Ian D. Prior*
Crystal Clanton*
Rachael Griffin*
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
Phone: (202) 964-3721
laura.stell@aflegal.org
ian.prior@aflegal.org
crystal.clanton@aflegal.org
rachael.griffin@aflegal.org

*Attorneys for Plaintiffs*

*Special appearance forthcoming

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system. I also served Defendants

by certified mail, return receipt requested, at the following address:

Ms. Ashley Leonard
Counsel for the Cabarrus County Board of Education
Campbell Shatley PLLC
674 Merrimon Ave., Ste. 210
Asheville, NC 28804

Cabarrus County Schools
Dr. John Kopicki, Superintendent
4401 Old Airport Road
Concord, NC 28025


Dated: July 30, 2026                     Respectfully Submitted,


                                         */s/ Laura Stell*
                                         Laura Stell (NC Bar No. 59840)
                                         AMERICA FIRST LEGAL FOUNDATION
                                         611 Pennsylvania Ave SE #231
                                         Washington, DC 20003
                                         Phone: (202) 964-3721
                                         laura.stell@aflegal.org

13

14