## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Greensboro Division

| | |
|---|---|
| MARY DOE, by and through her mother and next friend, JANE DOE; BETH ROE, by and through her mother and next friend, ALICE ROE; DIANE POE, by and through her mother and next friend, CAROL POE, <br><br> *Plaintiffs*, <br><br> v. <br><br> CABARRUS COUNTY BOARD OF EDUCATION; and DR. JOHN KOPICKI, in his official capacity as Superintendent of Cabarrus County Schools, <br><br> *Defendants*. | Civil Case No. 1:26-cv-00752 |

## <u>DECLARATION OF ALICE ROE</u>

I, Alice Roe, declare as follows:

1.      I am over the age of eighteen and under no mental disability or impairment. I have personal knowledge of the following facts, and if called to testify as a witness, would completely testify to them.

2.      I live within the boundaries of the school district known as Cabarrus County Schools.

3.      I am the mother of Beth Roe.

4. Beth is seventeen years old and currently enrolled at Cox Mill High School in Concord, North Carolina.

5. Beth is a practicing Christian who regularly attends church and strives to live in accordance with her faith.

6. Her sincerely held Christian faith informs her understanding of modesty, privacy, and bodily dignity, and she believes that maintaining privacy from biological males in intimate settings is an important part of living out those beliefs.

7. Beth Roe is, and intends to remain, a member of a girls' sports team at Cox Mill High School.

8. On or about April 23, 2025, Beth encountered a biological male in the changing area designated for the girls' sports team of which she is a member.

9. Beth was extremely uncomfortable sharing the changing area with a biological male, so she left the designated changing area and changed in the closest available restroom.

10. The next day, on April 24, 2025, Beth Roe emailed the principal and assistant principal of Cox Mill High School, the school's athletic director, and her team's coach to express her concerns about a biological male being permitted to undress with female students. She explained that she was

2

uncomfortable with the arrangement, believed it was inappropriate, and had consequently changed her clothes in a restroom rather than in the designated team changing area. She further explained that she should not be required to seek an alternative place to undress because of the school's policy and asked whether the school would provide female students with a female-only changing area at future practices.

11.    Later that day, then-Principal Christopher Myers called Beth Roe into his office and told her that, although he was sympathetic to her concerns, there was nothing he could do because the policy was required by law.

12.    Since that time, Beth Roe has continued to change her clothes in a single stall restroom rather than in the designated team changing area, seeking to avoid undressing in the presence a biological male. However, under Defendants' policy, biological males are also permitted to use the girls' restrooms.

13.    Those single stall restrooms are located away from the team's designated changing area, making them a significantly less convenient and practical alternative.

14.    On several occasions, Beth Roe needed to change clothes multiple times during a single showcase, requiring her to repeatedly walk to a distant single-stall restroom rather than use the team's designated changing area. On

those occasions, the additional time and effort required to change clothes made that process rushed, stressful, and unnecessarily burdensome.

15. Beth Roe intends to continue participating in school sports during the upcoming 2026–2027 school year.

16. Beth wants to get ready and change clothes for her team sport with the rest of her team, but she does not want to undress in the presence of a biological male. Doing so would impair her sense of personal dignity and privacy at school.

17. Requiring my daughter to use an alternate facility rather than allowing her to use the facility designated for girls, while at the same time allowing a biological male to use the facility designated for girls, has caused her to feel excluded and treated differently.

18. The school has refused to provide any meaningful way for my daughter to maintain her bodily privacy and avoid sharing intimate facilities with biological males without sacrificing her equal access to school facilities.

19. Beth's encounters with biological males in changing areas designated for females on her sports' team have caused significant distress and discomfort because her privacy and dignity were compromised. She feels vulnerable and unsafe undressing with a biological male present. At the same time, she does not want to feel ostracized or excluded simply because she wants

4

to maintain her bodily privacy, nor does she want to be late for her sports activities by having to use a distant single-stall restroom.

20. Beth Roe will continue to face these harms during the upcoming school year so long as Defendants' policy remains in effect.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 9, 2026.          [Signature on file with Plaintiffs' counsel]

6